IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

        vs.                                                                                  Case No. 1:21-cr-00524-KWR

LUIS MARISCAL-LOPEZ,

    Defendant.

### ORDER DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE GOVERNMENT'S LATE-NOTICED EXPERT

THIS MATTER comes before the Court on Defendant's Motion to Exclude Government's Late-Noticed Expert Dr. Gary Mlady (Doc. 159). Having considered the motion and the relevant law, the Court finds that the motion is not well-taken, and therefore, is **DENIED IN PART.** The Court will reserve ruling on Defendant's remaining arguments until after the scheduled *Daubert* hearing.

### BACKGROUND

Defendant Mariscal-Lopez was indicted, along with co-Defendant Jorge Dominguez, on a two count Indictment for conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c), and kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1).

The Court issued a Scheduling Order requiring that the Government submit scientific expert witness notices and reports by June 3, 2022. Doc. 51 at 1. On June 3, 2022, the Government filed their Notice of Intent to Offer Expert Witness Testimony. Doc. 61. On July 15, 2022, Defendant requested the radiographic scans related to the identification of Jane Doe. The Federal Bureau of Investigation requested the scans from the Office of Medical Investigator

(OMI) on July 21, 2022. On August 30, 2022, after reviewing the scans and additional material from OMI, the Government became aware that Dr. Mlady made the identification of Jane Doe. On September 2, 2022, Defendant filed a motion for a Rule 17(c) Subpoena for Jane Doe's antemortem records. The materials from University of New Mexico Hospital (UNMH) medical records did not include a report from Dr. Mlady. On October 6, 2022, the Government filed an Amended Notice of Intent to Offer Expert Witness Testimony to include Dr. Mlady. Doc. 159.

## DISCUSSION

Defendant argues that the Government's late-noticed witness Dr. Mlady should be excluded because the Government has violated the Court's Scheduling Order. Doc. 159 at 2. Defendant argues that the government should have known Dr. Mlady involvement in the case because an investigation would have revealed that Dr. Mlady made the identification, not Dr. Zumwalt. *Id.* The Government argues that the scheduling order permits flexibility when additional information comes up during the pendency of the case. Doc. 165 at 4-5. The Government further argues that any discovery violations can be cured by a continuance. *Id.* at 8-9. The Court agrees that the Government's Amended Notice of Intent to Offer Expert Witness Testimony (Doc. 158) is untimely because the notice was submitted after the Court's scheduling deadline. However, the Court finds that the untimely notice does not prejudice the Defendant.

A district court has broad discretion under Rule 16(d)(2) to impose sanctions for a party's failure to comply with a discovery order. *United States v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1988). A court should order the least severe sanction that will accomplish prompt and full compliance with the court's discovery orders. *Id.* In determining the appropriate sanction, a district court should consider: (1) the reasons the government delayed producing the requested materials, including whether the government acted in bad faith; (2) the extent of prejudice to the

defendant as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance. *Id*. at 1061.

"If a party fails to comply with a discovery request, the district court may order sanctions, including (1) issuance of an order demanding compliance, (2) grant of a continuance, (3) exclusion of undisclosed evidence, or (4) the imposition of any other just order." *United States v. Brown*, 592 F.3d 1088, 1090 (10th Cir. 2009); *see also* Fed. R. Crim. P. 16(d)(2)(C), (D). A continuance is usually the more desirable remedy for the government's failure to comply with a discovery order. *Wicker*, 848 F.2d at 1062. Exclusion of evidence is an "extreme" remedy. *Brown*, 592 F.3d at 1090 n.4.

First, the Government did not act in bad faith. The Government become aware that Dr. Mlady's identified Jane Doe's bone fragments on August 30, 2022, after the Court's June 3, 2022 scheduling deadline. Defendant argues that the Government should have been aware because the documents revealing Dr. Mlady were in the Government's control and identification of Jane Doe's bone fragments is at issue in this case. Doc. 159 at 2. The Court disagrees. OMI and UNMH are not a federal government entity. Additionally, prior reports on Jane Doe did not reference Dr. Mlady. The Government mistakenly concluded that Dr. Zumwalt or Dr. Edgar made the identification and thus, did not seek to investigate further. The Court designated this case as complex on July 13, 2016. Doc. 26. The Court recognizes that in complex cases new information may arise. Furthermore, the Government did not become aware that identification of Jane Doe's bone fragments was at issue in this case until July 29, 2022, after the Court's scheduling deadline.

Second, Defendant was not prejudiced by the timing of the Government's Notice. Courts have found that defendants are only prejudiced by late disclosures when they are made just one

to three days prior to the start of trial. *Compare United States v. Goxcon-Chagal*, 886 F. Supp. 2d 1222, 1253–54 (D.N.M. 2012), aff'd sub nom. *United States v. Medina-Copete*, 757 F.3d 1092 (10th Cir. 2014) (finding that "the Defendants have not shown any prejudice in light of the extensive outline the United States gave regarding [an expert's] proposed testimony" at a hearing held twelve days before trial), *with United States v. Nacchio*, 555 F.3d 1234, 1236 (10th Cir. 2009) (prejudice under Rule 16 where expert notice was first disclosed three days prior to the start of trial); *United States v. Hoffecker*, 530 F.3d 137, 188 (3d Cir. 2008) (prejudice at three days); *United States v. Concessi*, 38 F. App'x 866, 868 (4th Cir. 2002) (prejudice at one day); *United States v. Petrie*, 302 F.3d 1280, 1288 (11th Cir. 2002) (prejudice at one day). Here, the *Daubert* hearing is set for November 17, 2022, and the trial is set for January 9, 2023. The delay does not affect the Defendant's ability to prepare his case.

Finally, any possible prejudice has already been cured with the continuance of the *Daubert* hearing. The fact that the Court is holding a *Daubert* hearing undercuts the argument that Defendant was prejudiced by the timing of the Government's Notice. *See United States v. Nacchio*, 519 F.3d 1140, 1151 (10th Cir. 2008), vacated in part on reh'g en banc, 555 F.3d 1234 (10th Cir. 2009).

Because the Defendant is not prejudiced by the late notice, the Court denies in part Defendant's Motion to Exclude Government's Late-Noticed Expert. Doc. 159. The Court will reserve ruling on Defendant's remaining arguments until after the scheduled *Daubert* hearing.

5

**IT IS THEREFORE ORDERED** that Defendant's Motion to Exclude Government's Late-Noticed Expert Dr. Gary Mlady (Doc. 159) is **DENIED IN PART.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE