IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 1:21-cr-00524-MLG

LUIS MARISCAL-LOPEZ,

    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION

This matter comes before the Court on Defendant Luis Mariscal-Lopez's Motion to Reconsider the Court's Ruling on the Government's Opposed Motion in Limine to Prohibit Discussion of Punishment, filed October 6, 2023. Doc. 320. Although the Court's ruling was part of an order addressing multiple evidentiary issues, Doc. 294, Mariscal-Lopez seeks reconsideration only of the Court's decision forbidding cross-examination of Jorge Dominguez regarding the specifics of his expected sentence and reduction for cooperating. Doc. 320 at 1-2. Having reviewed the parties' submissions and the applicable law, the Court finds that reconsideration is inappropriate and therefore denies the motion.

### LEGAL STANDARD

Although the Federal Rules of Criminal Procedure do not explicitly provide for reconsideration, motions to reconsider are proper in criminal cases. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Reconsideration is appropriate where the moving party demonstrates "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018); *see also Christy*, 739 F.3d

1

at 539 (relying on this test in the criminal context). Reconsideration is a matter of the district court's discretion, but it "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015). "[R]ecapitulation of the cases and arguments considered by the court before rendering its original decision" fails to carry the moving party's burden. *BNSF Ry. Co. v. Lafarge Sw., Inc.*, Civil No. 06-1076, 2009 WL 10665755, at *3 (D.N.M. Feb. 21, 2009) (citation omitted).

## ANALYSIS

Mariscal-Lopez does not argue that there has been a change in the law or that new evidence has arisen; rather, he claims that the Court's ruling, if followed, would result in manifest injustice. Doc. 320 at 3. He asserts that he has the Sixth Amendment right to cross-examine Dominguez completely regarding the details of the benefit he expects to receive for his testimony, including the amount of time he would have faced if not for his cooperation. *Id.* at 3-4. In support, he cites to various cases within and outside of this district that have handled similar questions differently. *See generally id.* In this case, with the specific facts presented, the Court found limiting cross examination to a discussion of a "substantial benefit" or "significantly reduced sentence" is necessary because the specifics of the sentence are likely to unduly prejudice the jury against the United States.

Finding no Tenth Circuit precedent addressing the issue, the Court originally followed the Honorable Judge Herrera's ruling in *United States v. Henry*, No. Cr. 16-1097, 2018 WL 802006, at *2-3 (D.N.M. Feb. 8, 2018), which, as noted in that order, aligned with other holdings in this district and the First and Fourth Circuits. *See* Doc. 294 at 8-9 (citing *Henry*, 2018 WL 802006; *United States v. Woods*, No. Cr. 17-1235, 2020 WL 4816456, at *2-3 (D.N.M. Aug. 19, 2020) (Johnson, C.J.); *United States v. Luciano-Mosquera*, 63 F.3d 1142, 1153 (1st Cir. 1995); and

*United States v. Cropp*, 127 F.3d 354 (4th Cir. 1997)). The Court adds here that the Sixth and Seventh Circuits have adopted a similar approach holding that the specific details of a witness's possible sentence are not necessary fodder for cross-examination provided the defendant can expose the witness's biases in more general terms. *See United States v. Coffman*, 574 F. App'x 541, 551 (6th Cir. 2014) (citing *United States v. Kone*, 307 F.3d 430, 436 (6th Cir. 2002)); *United States v. Trent*, 863 F.3d 699, 705-06 (7th Cir. 2017). Simply put, it is widespread practice across several circuits to limit cross-examination of witnesses to general terms when specifics would reveal, explicitly or implicitly, the sentence the defendant faces if convicted. Mariscal-Lopez provides no persuasive reason to depart from this authority.

Based on the foregoing, the Court declines to find that adoption of the majority approach constitutes error, let alone manifest injustice. *See Manifest Injustice*, Black's Law Dictionary (11th ed. 2019) (defining "manifest injustice" as "[a] direct, obvious, and observable error in a trial court, such as a defendant's guilty plea that is involuntary or is based on a plea agreement that the prosecution has rescinded"). That some judges in this district have ruled otherwise (on the specific facts presented in those cases) does not mean that this Court's prior decision is erroneous (particularly in the absence of guidance from the Tenth Circuit).[1]

Accordingly, the Court denies the motion to reconsider. Doc. 320. Its previous decision, Doc. 294, remains in effect.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[1] Mariscal-Lopez points to various other cases in which judges in this district have resolved the question differently, see Docs. 320-1, 320-2, 320-3, 320-4, but those decisions are not binding.